# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Tastings Import Company, | ) | Case No. 12-00196 |
| | ) | Hon. Carol A. Doyle |
| Debtor. | ) | |
| | ) | |
| | ) | |
| Barry A. Chatz, not individually but solely as Trustee for the TIC Creditor Trust, | ) ) | Adv. Case No. 14-00006 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Charles Laverick, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF FILING

PLEASE TAKE NOTICE that on August 20, 2014, I caused to be filed a copy of the Pre-Trial Statement, a copy of which has been served upon you.

         /s/ Patrick M. Jones

1419232v1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Tastings Import Company, | ) | Case No. 14-00196 |
| | ) | Hon. Carol A. Doyle |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |
| Barry A. Chatz, not individually but solely as | ) | |
| Trustee for the TIC Creditor Trust, | ) | Adv. Case No. 14-00006 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Charles Laverick, | ) | |
| | ) | |
| Defendant. | ) | |

## PRE-TRIAL STATEMENT[1]

**1.    Statement of the Theory of Each Claim and Each Defense**

**A.    Statement of each claim**

Count I alleges that the Debtor made certain transfers (the "Avoidable Transfers") set forth on Exhibit A to the Complaint for the benefit of Charles Laverick (the "Defendant"), which may be avoided as "preferential transfers" pursuant to Section 547(b)(1) of the Bankruptcy Code.

Count II alleges that the Debtor made certain Avoidable Transfers for the benefit of the Defendant which may be avoided as "fraudulent transfers" pursuant to Section 548(a)(1)(B) of the Bankruptcy Code.

---

[1] Charles Laverick, defendant in the above-captioned adversary proceeding, did not respond to Plaintiff's counsel's email request with attached draft Joint Pre-Trial Statement sent on August 18, 2014. Therefore, this Pre-Trial Statement was prepared by Plaintiff's counsel without the Defendant's input.

2

Count III alleges that the Plaintiff may recover the Avoidable Transfers for the benefit of the Debtor's bankruptcy estate pursuant to Section 550 of the Bankruptcy Code.

Count IV alleges that any claim asserted by the Defendant in the Debtor's bankruptcy case may be disallowed pursuant to Section 502(d) of the Bankruptcy Code.

### B.    Statement of each defense

Defendant did not provide a statement of each defense.

### 2.    Statement of Stipulated Facts[2]

1. The Court has subject matters jurisdiction over this Adversary Proceeding.

2. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

3. Venue is proper in this district.

4. This adversary proceeding arises under §§544, 547, 548, 550, and 502(d) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 7001(1).

5. Tastings Import Company (the "Debtor") filed a voluntary chapter 11 bankruptcy petition on January 4, 2012 (the "Petition Date").

6. The Schedules and Statement of Financial Affairs filed on behalf of the Debtor and signed by Charles Laverick, as President, did not disclose any payments to "insiders" within the one-year period prior to the Petition Date.

7. On July 26, 2012, the Court entered an order approving the Amended Disclosure Statement and Amended Plan of Liquidation (the "Plan") filed by Debtor. The Plan authorized the Debtor to enter into the TIC Creditors Trustee Agreement to establish the TIC Creditors Trust. The Plan also authorized the Debtor to appoint Barry A. Chatz as the Trustee of the TIC

---

[2] The Statement of Undisputed Facts represents the allegations that the Defendant admitted in his Answer.

3

Creditors Trust, and the creation of a three-member Oversight Committee to oversee the administration of the TIC Creditors Trust.

8. Pursuant to the Plan, the Trustee was authorized to administer and complete the Liquidation of the Estate Assets, which included Litigation Claims and Avoidance Actions.

9. Accordingly, the right to prosecute and settle the claims asserted in this Complaint was transferred to the TIC Creditors Trust to be administered by the Trustee.

10. Charles Laverick is an individual resident of the State of Illinois who conducted business with the Debtor during the applicable time period set forth in the Complaint.

11. Charles Laverick was the President of the Debtor at all times relevant to the time period set forth herein.

12. During the one-year period preceding the Petition Date, between January 4, 2012 and January 4, 2011 (the "Transfer Period"), the Debtor continued to operate its business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, direct deposit, or otherwise to certain entities, including the Defendants.

13. Section 502(d) of the Bankruptcy Code provides that the claim of any entity or transferee receiving a payment that is avoidable under §§544, 547 or 548 of the Bankruptcy Code shall be disallowed unless the entity or transferee turns over the payment or value of the payment.

14. The Avoidable Transfers listed on Exhibit A were made on or within one year before the Petition Date.

15. The Defendant filed a claim against the Debtor's estate in an amount of $10,000.

16. Defendant has neither paid nor surrendered the Avoidable Transfers or the value of the Avoidable Transfers to the Plaintiff.

4

**3.    Statement of Material Disputed Facts**

1. The Defendants was an "Insider" of the Debtor as that term is defined in the Bankruptcy Code at all times relevant to the Complaint.

2. During the Transfer Period, the Debtor made transfers to the Defendants totaling $272,686.19, including those transfers identified in Exhibit A to the Complaint (the "<u>Avoidable Transfers</u>").

3. The Avoidable Transfers listed on Exhibit A were transfers of an interest of the Debtor in property.

4. The Avoidable Transfers listed on Exhibit A were made to or for Defendant's benefit.

5. Defendant was the initial transferee of certain of the Avoidable Transfers listed on Exhibit A.

6. Each Avoidable Transfer was made for or on account of an antecedent debt owed by the Debtor to the Defendants before such Transfer was made.

7. Each Avoidable Transfer enabled the Defendant to receive more than he would have if:

   a. the Debtor's case was brought under chapter 7 of the Bankruptcy Code;

   b. the Avoidable Transfers had not been made; and

   c. the Defendant had received payment of such debt to the extent provided by the Bankruptcy Code.

8. To the extent any of the Avoidable Transfers were not made on account of antecedent debt owed by the Debtor, the Debtor did not receive reasonably equivalent value in exchange for the Avoidable Transfers.

5

    9.      On the date each Avoidable Transfer was made, the Debtor:

        a.      Was insolvent or became insolvent as a result of such transfer;

        b.      Was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or

        c.      Intended to incur, or believed it would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

**4.    List of Witnesses**

    **A.    Plaintiff's witnesses**

Charles Laverick.

    **B.    Defendant's witnesses**

Defendant did not identify any witnesses.

**5.    List of Exhibits**

    **A.    Plaintiff's exhibits**

    1.      Monthly bank statements, dated January 2011 through December 2011, from MB Financial Bank for accounts ending in 0884 and 7728.

    2.      Monthly bank statements, dated January 2011 through December 2011, from Citi Private Bank for account ending in 9168 and 6501.

    3.      Pleadings filed in this adversary proceeding and in <u>In re Tastings Import Company</u>, Case No. 12-196 (Bankr. N.D. Ill.).

    4.      Correspondence between the Defendant and counsel to the Plaintiff.

**B.     Defendant's exhibits**

Defendant did not identify any exhibits.

Dated: August 20, 2014                    Respectfully submitted,


                                          By:    /s/ Patrick M. Jones
                                                 Attorney for Barry A. Chatz, not
                                                 Individually But Solely as Trustee of the
                                                 TIC Creditor Trust


Patrick M. Jones (IL ARDC#6271256)
STAHL COWEN CROWLEY ADDIS LLC
55 West Monroe Street, Suite 1200
Chicago, Illinois 60603
T: (312) 377-7887
F: (312) 641-6959
Email: pjones@stahlcowen.com

**CERTIFICATE OF SERVICE**

I, Patrick M. Jones, an attorney, hereby certify that on August 20, 2014, a true and correct copy of the foregoing Pre-Trail Statement was filed electronically. Notice was served on all of the parties who are currently on the Court's Electronic Mail Notice List by operation of the Court's Electronic Filing System. Additionally, copies of the statement were sent by regular U.S. mail to the following:

Charles Laverick
1622 Ridge Avenue
Evanston, Illinois  60201

and by electronic mail to c.laverick@magellannorthamerica.com.

    /s/ Patrick M. Jones

8