**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Tastings Import Company, | ) | Case No. 12-00196 |
| | ) | Hon. Carol A. Doyle |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |
| Barry A. Chatz, not individually but solely as | ) | |
| Trustee for the TIC Creditor Trust, | ) | Adv. Case No. 14-00006 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Charles Laverick, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on Wednesday, May 6, 2015, at 10:30 a.m., or as soon thereafter as I may be heard, I will appear before the Honorable Judge Carol A. Doyle, or any Judge sitting in her stead, in courtroom 742 of the United States District Court for the Northern District of Illinois, Eastern Division, at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, and then and there present Motion to Vacate Order, a copy of which is attached hereto and hereby served upon you.

      /s/ Patrick M. Jones

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Tastings Import Company, | ) | Case No. 12-00196 |
| | ) | Hon. Carol A. Doyle |
| Debtor. | ) | |
| | ) | |
| | ) | |
| Barry A. Chatz, not individually but solely as Trustee for the TIC Creditor Trust, | ) ) | Adv. Case No. 14-00006 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Charles Laverick, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO VACATE ORDER

Barry A. Chatz, not individually but solely as Trustee for the TIC Creditor Trust (the "Plaintiff"), by his counsel, presents this motion (the "Motion") to vacate the order dismissing the complaint entered in the above-captioned adversary case on April 23, 2015 (the "Order") pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, made applicable by Federal Rule of Bankruptcy Procedure 9023 and/or Rule 60(b) of the Federal Rules of Civil Procedure, made applicable to this case by Federal Rule of Bankruptcy Procedure 9024. In support of the Motion, the Plaintiff states as follows:

### SUMMARY

The Court entered the Order dismissing the Complaint for "want of prosecution" based on its belief that a pretrial statement had not been filed. However, the Plaintiff filed a pretrial

[034380.0001/1448163/1]  2

statement (the "Pre-trial Statement") on August 20, 2014 (Dkt. #34). The Pre-Trial Statement did not require any modification in advance of the April 27, 2015 trial date, and it simply never occurred to counsel for the Plaintiff that the Court's scheduling order required the Plaintiff to file a second pretrial statement. To the extent that the Court overlooked the fact that a pretrial statement was filed, the Order may be vacated pursuant to Rule 59(e). To the extent that the Court was aware that a pretrial statement was filed, but that the Court intended the parties to file another pretrial statement, then the Plaintiff's failure to comply with the Court's pretrial order is entirely due to the misunderstanding of his counsel, and the Order may be vacated pursuant to the "excusable neglect" provision of Rule 60(b).

## BACKGROUND

1. On January 3, 2014, the Trustee filed the Complaint to Avoid and Recover Preferential and Fraudulent Transfers from Defendants Charles Laverick and Anne Laverick. (Dkt. #1.) The Complaint alleged that the Defendant received avoidable transfers during the Transfer Period in an amount of $272,686.19, and sought to disallow the Defendant's alleged claim against the Debtor's bankruptcy estate in an amount of $10,500.

2. Anne Laverick filed a petition for relief pursuant to Chapter 7 of the United State Bankruptcy Code, was granted a discharge and was dismissed as a defendat in this case.

3. At the initial status hearing held in this case on February 19, 2014, and at every status hearing in this case, the Defendant repeatedly informed the Court that he intended to filed a Chapter 7 petition. As of the date of this Motion, no such petition has been filed.

4. On February 6, 2014, the Plaintiff filed a Motion for Entry of a Default Judgment based on the Defendant's failure to answer or otherwise respond to the Complaint.

5. On April 17, 2014, the Court denied the Motion for Entry of a Default Judgment, and directed the Defendant to retain counsel and file a proper response to the Complaint.

6. On July 11, 2014, the Court entered a Trail Order directing the parties to file a joint pre-trial statement by August 20, 2014, and setting a trial date of August 25, 2014. (Dkt. #27.) Plaintiff sent a copy of its proposed pretrial statement to the Defendant and requested his input. The Defendant did not respond.

7. On August 20, 2014, the Plaintiff filed the Pre-Trial Statement. (Dkt. #34.)

8. At the initial trial on August 25, 2014, the Defendant did not have counsel and attempted to represent himself. The Court terminated the trial, and subsequently located *pro bono* counsel for the Defendant. The Defendant's *pro bono* counsel was no more responsive to Plaintiff's counsel than the Defendant had been.

9. Even after the Court appointed *pro bono* counsel for the Defendant, the Defendant has never responded to offers to settle the claims set forth in the Complaint. The Defendant failed to respond to a limited number of interrogatories and request to admit that Plaintiff's counsel served on the Defendant in an effort to limit eh factual issues to be presented at trial. And, the Defendant failed to file a pretrial statement in connection with the Court's February 25, 2015 pretrial scheduling order.

10. The Plaintiff, having already filed one Pre-trial Statement and having heard nothing from the Defendant or his counsel, did not file another pretrial statement.

11. On April 22, 2015, the Plaintiff filed a Motion for Default Judgment based on the Defendant's failure to respond to discovery requests.

12. On April 23, 2015, the Court entered an Order dismissing the Complaint as a sanction against the Plaintiff for "want of prosecution" based on the Plaintiff's alleged failure to file a pretrial statement.

## JURISDICTION AND VENUE

13. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

14. The statutory basis for the relief requested by this Motion is Rule 59(e) of the Federal Rules of Civil Procedure, made applicable to this case by Federal Rule of Bankruptcy Procedure 9023 and/or Rule 60(b) of the Federal Rules of Civil Procedure, made applicable to this case by Federal Rule of Bankruptcy Procedure 9024.

## DISCUSSION

The Plaintiff filed a pretrial statement (the "Pre-trial Statement") on August 20, 2014. The Plaintiff received no communications from the Defendant indicating that the Pre-Trial Statement was unacceptable or that he intended to file a new pretrial statement. The Pre-Trail Statement did not need any modification prior to the April 27, 2015 trial date. It simply never occurred to the Plaintiff's counsel that the Court was requiring the Plaintiff to file a second pretrial statement.

Rule 59(e) of the Federal Rules of Civil Procedure, made applicable by Federal Rule of Bankruptcy Procedure 9023, allows a party to move the Court to alter or amend a judgment. Fed R. Civ. Proc. 59(e). Rule 59 Motions serve a narrow purpose and must clearly demonstrate a manifest error of law or fact. *Obriecht v. Raemisch,* 517 F.3d, 489, 494 (7th Cir. 2008), cited in *In Re Malec*, 12-B-30867 (Bankr. N.D. Ill. March 6, 2014) (Hon. Janet S. Baer). A judge's

decision to grant or deny relief on such motions is discretionary. *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). Therefore, to the extent that the Court overlooked the fact that the Plaintiff had previously filed a pretrial statement, this is a "new fact" raised now by the Plaintiff as grounds for relief under Rule 59(e).

To the extent that the Court was aware that the Plaintiff has previously filed a pretrial statement, and the Court intended that the Plaintiff should file a second pretrial statement after the entry of the February 25, 2015 pretrial scheduling order, then Plaintiff's counsel misunderstood the Court's intention and was in error. Because the Plaintiff's failure to comply with the Court's February 25, 2015 order was entirely the fault of Plaintiff's counsel, the Plaintiff requests that the Court vacate the Order. As the Seventh Circuit has recognized, a client should not be punished solely due to his lawyer's mistake. *See LeBeau v. Taco Bell, Inc.*, 892 F.2d 605, 610 (7th Cir. 1989); *Bavender v. Potter*, 233 F.Supp.2d 1036, 1037 (S.D. Ind. 2002) (vacating order dismissing case for want of prosecution based on attorney's failure to meet a deadline under the "excusable neglect" standard of Rule 60(b)(1)).

WHEREFORE, the Plaintiff requests that this Court enter an order (i) vacating the Order, (ii) re-setting the matter for trial, and (iii) grant such other and further relief as the Court deems necessary under the circumstances.

Dated:  April 27, 2015                                                Respectfully submitted,


                                                                      By:    /s/ Patrick M. Jones
                                                                             Attorneys Barry A. Chatz, not individually
                                                                             but Solely as Trustee of the TIC Creditor
                                                                             Trust


Patrick M. Jones (IL ARDC#6271256)
STAHL COWEN CROWLEY ADDIS LLC
55 West Monroe Street, Suite 1200

[034380.0001/1448163/1]                                 6

Chicago, Illinois  60603
T: (312) 377-7887
F: (312) 641-6959
Email: pjones@stahlcowen.com

[034380.0001/1448163/1]                    7

## CERTIFICATE OF SERVICE

I, Patrick M. Jones, an attorney, hereby certify that on April 27, 2015, a true and correct copy of the foregoing Motion to Vacate Order was filed electronically. Notice was served on all of the parties who are currently on the Court's Electronic Mail Notice List by operation of the Court's Electronic Filing System. Additionally, copies of the motion were sent by regular U.S. mail to the following:

Charles Laverick
1622 Ridge Avenue
Evanston, Illinois 60201
*Defendant*

Michael V. Ohlman
MICHAEL V. OHLMAN, P.C
55 West Monroe, Suite 2370
Chicago, IL 60603
*Appointed Counsel to Defendant*

      /s/ Patrick M. Jones